HUB FURNITURE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16049.  Promulgated March 29, 1928.

*J. R. Maceo, Esq.,* for the petitioner.
*Harold Allen, Esq.,* for the respondent.

OPINION.

LOVE: The only question at issue in this case is whether or not petitioner is entitled to have its taxes computed for the year 1919 under the provisions of section 328 of the Revenue Act of 1918. In order to entitle a taxpayer to the benefits of section 328 it must meet the requirements of section 327 of the same Act. The pertinent part of section 327 is:

(d) Where upon application by the corporation the Commissioner finds and so declares of record that the tax if determined without benefit of this section would, owing to abnormal conditions affecting the capital or income of the corporation, work upon the corporation an exceptional hardship evidenced by gross disproportion between the tax computed without benefit of this section and the tax computed by reference to the representative corporations specified in section 328. This subdivision shall not apply to any case (1) in which the tax (computed without benefit of this section) is high merely because the corporation earned within the taxable year a high rate of profit upon a normal invested capital * * *.

The question to be answered is whether or not the tax, if determined without the benefit of this section, owing to abnormal conditions affecting the capital or income of the corporation, works upon the corporation an exceptional hardship evidenced by gross disproportion between the tax computed without the benefit of this section and the tax computed by reference to the representative corporations specified in section 328, that is, corporations engaged in a like or similar trade or business.

There is no evidence in the record in regard to other corporations engaged in a like or similar trade or business. We are not informed whether or not there are such corporations in the vicinity where petitioner is located.

In order to present a panoramic view of the trend of petitioner's business operations, we submit the following comparative data embracing five years of operations, including the taxable year:

| Year | Value of turnover | Money borrowed | Per cent of sales compared with invested capital | Per cent of income compared with invested capital |
|------|------------------|----------------|--------------------------------------------------|---------------------------------------------------|
| 1917 | $135,590 | $143,000 | 181.23 | 19.04 |
| 1918 | 124,198 | 201,000 | 169.01 | 18.09 |
| 1919 | 276,724 | 226,000 | 241.19 | 41.21 |
| 1920 | 207,041 | 347,000 | 132.95 | 1.99 |
| 1921 | 133,769 | 150,000 | 81.47 | [1]8.57 |

[1] Loss.

It is true that the salaries paid officers seem modest. We are not informed however, in regard to salaries paid by other similar corporations, if any. Petitioner used borrowed money but certainly not

in amounts in any degree startlingly out of proportion to invested capital, amount of business transacted, or in the ordinary experience of corporations. The facts in this case indicate that no abnormality existed in 1919 other than by reason of the fact that petitioner entered that period with its yards full of low priced lumber and succeeded in selling a large volume of goods at high prices, it realized an abnormal profit in that year.

It will be noted in the section of the statute quoted hereinbefore, that it is provided that " this subdivision shall not apply to any case in which the tax (computed without the benefit of this section) is high merely because the corporation earned within the taxable year a high rate of profit upon a normal invested capital."

*Judgment will be entered for the respondent.*